UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARTAY LOVE,                              )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )    No. 4:10-CV-656-CDP
                                          )
UNITED STATES DISTRICT COURT,             )
EASTERN DISTRICT OF MISSOURI,             )
                                          )
            Respondent.                   )

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of petitioner Martay Love's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Background**

On August 6, 2003, petitioner pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344(1) and (2). He was sentenced on November 20, 2003, to ninety months' imprisonment and five years of supervised release. On March 4, 2004, the United States Court of Appeals for the Eighth Circuit dismissed Love's appeal pursuant to Eighth Circuit Rule 47A(b). See United States v. Love, No. 03-3935 (8th Cir.). The mandate issued on March 26, 2004.

In the instant action, petitioner is seeking an order to

vacate with prejudice his underlying criminal judgment and sentence on the ground that this Court lacked jurisdiction over his criminal case. Specifically, petitioner claims that "this is not a court ordained and established under the Article III of the United States Constitution."

## Discussion

The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by a motion brought pursuant to 28 U.S.C. § 2255 motion is inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because § 2255 relief has already been denied. This Court's records show that on May 31, 2005, petitioner filed a § 2255 motion to vacate his November 20, 2003 sentence. See Love v. United States, No. 4:05-CV-887-CDP (E.D.Mo.). On June 23, 2008, the motion was denied on the merits. On April 6, 2009, the Eighth Circuit Court of Appeals denied Love's application for a certificate of appealability and dismissed the appeal. See Love v. United States, No. 08-3160 (8th Cir.). Because petitioner is challenging the constitutionality of his conviction and sentence and § 2255 relief is neither inadequate nor ineffective, he may not proceed under § 2241 at this time. As such, the Court will dismiss petitioner's § 2241 application.

vacate with prejudice his underlying criminal judgment and sentence on the ground that this Court lacked jurisdiction over his criminal case. Specifically, petitioner claims that "this is not a court ordained and established under the Article III of the United States Constitution."

## Discussion

The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by a motion brought pursuant to 28 U.S.C. § 2255 motion is inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because § 2255 relief has already been denied. This Court's records show that on May 31, 2005, petitioner filed a § 2255 motion to vacate his November 20, 2003 sentence. See Love v. United States, No. 4:05-CV-887-CDP (E.D.Mo.). On June 23, 2008, the motion was denied on the merits. On April 6, 2009, the Eighth Circuit Court of Appeals denied Love's application for a certificate of appealability and dismissed the appeal. See Love v. United States, No. 08-3160 (8th Cir.). Because petitioner is challenging the constitutionality of his conviction and sentence and § 2255 relief is neither inadequate nor ineffective, he may not proceed under § 2241 at this time. As such, the Court will dismiss petitioner's § 2241 application.

The Court will not liberally construe the instant habeas application as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, because petitioner has not obtained permission from the Eighth Circuit Court of Appeals to bring a second § 2255 action in this Court.[1]

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because petitioner may not proceed under 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 is **DENIED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of May, 2010.

_____
UNITED STATES DISTRICT JUDGE

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."